UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| H.A.W.,<br><br>                Plaintiff,<br>     v.<br><br>ALEJANDRO MAYORKAS, et al.,<br><br>                Defendants. | CASE NO. C24-1065JLR<br><br>ORDER |

Before the court is Plaintiff H.A.W's motion to proceed under pseudonym and for a protective order requiring Defendants to maintain his confidentiality in all filings and public proceedings. (Mot. (Dkt. # 2).) The court exercises its discretion pursuant to Federal Rule of Civil Procedure 1 to decide the motion before the noting date because Defendants, who are officials of the United States Department of Homeland Security, have not yet appeared in this action and did not respond to the motion before the August 2, 2024 deadline. (*See generally* Dkt.) The court has reviewed the motion, the relevant portions of the record, and the governing law. Being fully advised, the court GRANTS

Plaintiff's motion without prejudice to Defendants opposing anonymity later in these proceedings.

Plaintiff is a Ugandan national whose I-589 Application for Asylum and Withholding of Removal has been pending with the United States Citizenship and Immigrations Services ("USCIS") since January 8, 2018. (Compl. (Dkt. # 1) ¶¶ 2-3, 15.) Plaintiff, who was a pharmacist in Uganda, represents that he suffered past persecution in his native country because he made pharmaceutical services, including informational counseling, available for the LGBTQ community and for individuals suffering from HIV. (Mandamus Declaration (Dkt. # 1-4) ¶ 2.)  "[B]ecause the Ugandan government criminalizes same-sex relationships, and because it is culturally unacceptable to support the LGBTQ community," he was threatened and assaulted; his pharmacy was vandalized; and he was arrested. (*Id.* ¶¶ 2-3.) His spouse and minor child remain in Uganda and have "encountered violence" since he left Uganda seven years ago. (*Id.* ¶¶ 4-5.) H.A.W. now seeks a writ of mandamus ordering Defendants to schedule his asylum interview and adjudicate his asylum application. (Compl. at 10.)

Generally, under Federal Rule of Civil Procedure 10(a), a plaintiff must name all of the parties in the title of the complaint. *See* Fed. R. Civ. P. 10(a). A party is permitted to use pseudonyms in a civil action, however, if "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). The court should "determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous

party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id.* (internal citations omitted). The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, whether the proceedings may be structured so as to mitigate that prejudice, and whether the public's interest in the case would be best served by requiring that the litigants reveal their identities. *Id.* (citations omitted).

"[R]etaliation from a foreign government is recognized by the Ninth Circuit and other district courts as a sufficient basis to proceed anonymously." *Poozesh v. Pompeo*, No. 1:19-cv-01466-LJO-SKO, 2019 WL 6052363, at *2 (E.D. Cal. Nov. 15, 2019) (citing *Does I thru XXIII*, 214 F.3d at 1063, 1065, 1071 (considering possible retaliation by the Chinese government against Chinese national plaintiffs residing in Saipan and their family members residing in China as supporting the use of pseudonyms)). Courts in this Circuit have regularly granted plaintiffs leave to file pseudonymously in cases relating to asylum proceedings. *See, e.g.*, *Doe v. U.S. Citizenship & Immigr. Servs.*, No. 1:21-cv-00576-NONE-SAB, 2021 WL 1907562, at *4 (E.D. Cal. May 12, 2021) (citing *Al Otro Lado, Inc. v. Nielsen*, No. 17-cv-02366-BAS-KSC, 2017 WL 6541446, at *8 (S.D. Cal. Dec. 20, 2017)); *A.B.T. v. U.S. Citizenship & Immigr. Servs.*, No. C11-2108RAJ, 2012 WL 2995064, at *6 (W.D. Wash. July 20, 2012) (granting leave to proceed anonymously where plaintiffs feared future persecution if identified and forced to return to their native countries). Defendants will not be prejudiced if Plaintiff is permitted to proceed anonymously because they know Plaintiff's true identity. (*See* Form I-589 Receipt Notice (Dkt. # 1-2)); *Al Otro Lado*, 2017 WL 6541446, at *6 (finding

no prejudice would result from the use of pseudonyms because Defendants knew the identities of the individual plaintiffs and thus had "the information they need to defend against the claims of the" plaintiffs).)

Having reviewed the record before it, and having considered the severity of potential harm, the reasonableness of Plaintiff's fears, Plaintiff's vulnerability to retaliation, the potential prejudice to Defendants, and the public interest, the court concludes that Plaintiff's need for anonymity outweighs countervailing considerations at this early stage of the proceedings. Accordingly, the court grants Plaintiff's motion to proceed under pseudonym and for a protective order (Dkt. # 2). The court will revisit the issue if, at a later stage of the proceedings, Defendants so move. *See Does I thru XXIII*, 214 F.3d at 1069 (recognizing "that the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses"); *Al Otro Lado, Inc.*, 2017 WL 6541446, at *8 (noting that defendants may challenge party anonymity "at a later stage of the proceedings").

Dated this 5th day of August, 2024.

JAMES L. ROBART
United States District Judge

ORDER - 4